## IN RE DISBARMENT OF CHARLES F. EBERT.[1]

May 25, 1934.

No. 29,589.

*Oscar G. Haugland* and *Guy Chase,* for state board of law examiners.

*Lyle Pettijohn,* for respondent.

*PER CURIAM.*

Application for the discipline of Charles F. Ebert, an attorney at law of this state. The matter was referred to the Honorable Arthur W. Selover, judge of the fourth judicial district, to hear and report the evidence and make findings thereon.

The referee found that Ebert was appointed guardian of the persons and property of Grace I. and Marion M. Harton, minors, by the probate court of Ramsey county, January 18, 1928. As such guardian he received property of the wards amounting to $2,085.16 and thereafter various amounts of interest on the property amounting to $311.27. Ebert invested $600 of this fund in a first mortgage on an improved lot in St. Paul under authority of the probate court. Between March 4, 1929, and February 28, 1932, sums aggregating

[1]Reported in 255 N. W. 89.

$997.99 were applied by Ebert to the maintenance and support of the wards. Since the last mentioned date no money has been received from him by the wards notwithstanding their requests for payment. September 2, 1932, Grace I. Harton became of, full age and her disability ended, but Ebert failed to pay over to her any part of the residue of said guardianship fund. An order of the probate court directed to Ebert to show cause why proper allowance for the support and maintenance of said wards should not be paid was served on him, but he failed to respond. A subsequent order of the probate court served on him citing him to show cause why he should not be removed as guardian was ignored, and the court removed him and appointed the First Trust Company of St. Paul as guardian of the wards' estate. Ebert failed to pay over to the First Trust Company the residue of the guardianship estate, and the referee found that he had converted such residue to his own uses. The First Trust Company as guardian received the sum of $1,303.44 from the surety on Ebert's guardianship bond.

The referee further found that Ebert, acting as attorney for one William F. Kossack, appropriated to his own use various sums of money paid by Kossack to Ebert for the purpose of discharging special assessments upon property purchased by Kossack, fire and windstorm insurance premiums on said premises, and a fee for recording the title to the property. All papers regarding Kossack's transactions with Ebert were removed from Ebert's office by Kossack under circumstances found to be justified by the referee.

We are of the opinion that respondent's conduct was such as to require disbarment. The findings of the referee are adopted, and it is ordered that Charles F. Ebert be disbarred from practicing as an attorney at law in this state and that his name be stricken from the roll of attorneys.